IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:  Gustavo Giles-Flores<br>8824 Bissonnet Street<br>Houston, TX  77074<br><br>DEBTOR | CHAPTER 13<br><br>CASE NO. 16-34941-H1 |

## MOTION TO DISMISS FOR FAILURE TO MAKE PAYMENTS

The Chapter 13 Trustee moves to dismiss this case based on the Debtor failure to make required payments. The debtor is delinquent $2,150.00, an amount constituting 2.69 months of required payments.

The delinquent payments are due for post confirmation payments required by the confirmed plan.

**NOTICE TO DEBTORS: YOU MUST DO ONE OF THE FOLLOWING:**

1. BRING YOUR PAYMENTS CURRENT WITHIN 21 DAYS OF THE DATE ON THIS MOTION.

2. FILE A RESPONSE WITHIN 21 DAYS THAT SHOWS THAT YOUR PAYMENTS ARE CURRENT.

**IF YOU FAIL TO DO SO, THE BANKRUPTCY COURT WILL PROBABLY DISMISS YOUR BANKRUPTCY CASE AND MAY DO SO WITHOUT A HEARING. THE BANKRUPTCY COURT WILL NOT ALLOW PAYMENTS TO BE MADE AT THE HEARING.**

**IF A TIMELY REPONSE IS FILED, A HEARING WILL BE HELD ON <u>JANUARY 10, 2023</u> AT <u>10:00 AM</u> IN THE U.S. BANKRUPTCY COURT, 515 RUSK, ROOM 404, 4TH FLOOR, HOUSTON, TX  77002.**

**WHEREFORE PREMISES CONSIDERED**, the undersigned Trustee prays for an Order of Dismissal, conversion to Chapter 7, or such other relief as may be deemed just and appropriate.

Respectfully Submitted,

/s/ David G. Peake
DAVID G. PEAKE, TRUSTEE
ADMISSIONS ID NO. 15679500
9660 HILLCROFT, STE 430
HOUSTON, TX  77096
(713)283-5400

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Trustee's Motion to Dismiss Case has been served electronically on all parties requesting electronic notice and has been served on the listed parties (if listed) by mailing a copy of same to the address listed below via first class mail December 06 , 2022.

Debtors:
Gustavo Giles-Flores
8824 Bissonnet Street
Houston, TX 77074

Debtor's Attorney:
VASQUEZ LAW GROUP PLLC
REGINA MARIE VASQUEZ
2040 NORTH LOOP W, SUITE 330
HOUSTON, TX 77018

U.S Trustee:
Ms. CHRISTINE MARCH
SENIOR ASSISTANT TO THE UNITED STATES TRUSTEE
515 RUSK, SUITE #3516
HOUSTON, TX 77002

/s/ David G. Peake
David G. Peake
Chapter 13 Standing Trustee
Admissions I.D. No. 15679500
9660 Hillcroft, Ste 430
Houston, TX 77096
(713)283-5400
(713)852-9084

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO:  16-34941-H1 |
| | § | |
| Gustavo Giles-Flores | § | |
| | § | |
| | § | |
| DEBTOR(S) | § | CHAPTER 13 |

**ORDER OF DISMISSAL**

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at ２ days following entry of this order. The deadline for filing a motion for allowance of a cla arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been file this case, the applicant is not required to file a new application for allowance of administr expenses under § 503, if the new application only seeks allowance of the same profession fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic pay is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

   (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

   (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

   (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

   (d) Fourth, the balance in any other Reserve account to the Debtor;

   (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

(f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

(g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order. The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

SIGNED ON _____

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE